# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

MARY SILLS                                                                          PLAINTIFF

VS                                          CIVIL ACTION NO.: 3:15-cv-574-HTW-LRA

TRUSTMARK CORPORATION A/K/A
TRUSTMARK NATIONAL BANK AND
JOHN DOES 1-10 (FICTITIOUS)                                              DEFENDANT

## ORDER

Before this Court is a Motion for Dismissal and Other Sanctions [Docket No. 53] filed on

February 27, 2017 by Defendant Trustmark National Bank ("Defendant"). This motion asks this

court to dismiss all of Plaintiff Mary Sills's ("Plaintiff") claims with prejudice for her failure to

appear for her noticed deposition and for her failure to comply with court orders compelling her

to complete certain discovery requested by Defendant.

The Court is persuaded to DENY Defendant's request for a dismissal of Plaintiff's claims,

but GRANT Defendant's request for sanctions against Plaintiff for failing to appear for her noticed

deposition.

## JURISDICTION

Federal question subject matter jurisdiction attaches where a complaint contains causes of

action arising under the Constitution, laws, or treaties of the United States, Title 28 U.S.C.

§1331[1]. Plaintiff's complaint alleges causes of action pursuant to the Family Medical Leave Act

of 1993 ("FMLA"), Title 29 U.S.C.A. §2615 *et seq.*; the Anti-Retaliation provision of the

Financial Institution Reform and Recovery Enforcement Act of 1989 ("FIRREA"), Title 12

---

[1] 28 U.S.C. §1331: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

U.S.C. §1821; the Anti-Retaliation provision of the Sarbanes-Oxley Act of 2002 ("SOX"), Title

18 U.S.C. §1514A; and the Anti-Retaliation provision of the DODD FRANK ACT of 2010, Title

15 U.S.C. §78u-6(h)(1)(A). These claims arise under the laws of the United States; therefore, this

Court has federal question subject matter jurisdiction over this dispute.

## DISCUSSION

The Court is persuaded to DENY the Defendant's request for a dismissal of Plaintiff's

claims with prejudice. A dismissal with prejudice "is a "severe sanction" that should "be used

only in extreme circumstances." *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (citing

*Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212 (5th Cir.1976); see also *Flaksa v. Little Marine

Const. Co.*, 389 F.2d 885, 887 (5th Cir.1968) ("[D]ismissal of an action with prejudice and entry

of judgment by default are drastic remedies which should be used only in extreme situations, as

the court has a wide range of lesser sanctions."); *Durgin v. Graham*, 372 F.2d 130, 131 (5th

Cir.1967) ("The sanction of dismissal is the most severe sanction that a court may apply, and its

use must be tempered by a careful exercise of judicial discretion.")). The Fifth Circuit has

consistently stated that "we ordinarily will affirm a dismissal with prejudice only if: (1) there is

"a clear record of delay or contumacious conduct by the plaintiff," and (2) "lesser sanctions

would not serve the best interests of justice." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77

(5th Cir. 2011) (citing *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir.1985)).

While Plaintiff has been dilatory in complying with Defendant's requests for information

during discovery, those requests have now been answered, and the case is apparently ripe for

trial. Thus, this court finds that the "sanctionable conduct" by Plaintiff, as asserted by Defendant,

does not rise to the level of dismissal with prejudice.

In denying the Defendant's request for a dismissal of Plaintiff's claims with prejudice,

the Court has determined that some sanctions are appropriate as a result of Plaintiff's conduct. It is clear from the record and submissions by the parties that Plaintiff was ordered to provide information to Defendant during discovery, and failed to do so in a timely manner. Additionally, Plaintiff's conduct regarding the scheduling of her own deposition required the court's intervention, and sanctions for such conduct is appropriate.

The facts regarding the scheduling of Plaintiff's deposition are as follows:

On February 7, 2017, having heard no objection from Plaintiff's counsel, Defendant's counsel noticed Plaintiff's deposition for February 16, 2017. Plaintiff's counsel contacted counsel for Defendant via telephone February 7, 2017 and stated that Plaintiff was not available February 16, 2017 but would be available February 27, 2017. Defendant's counsel, however, would not agree to reschedule Plaintiff's deposition for that date as the discovery deadline at that time was set to expire February 24, 2017 pursuant to the Magistrate Judge's order [Docket No. 45]. After conferring with co-counsel, counsel for Defendant confirmed via e-mail that it would not be possible to reschedule Plaintiff's deposition unless the discovery and dispositive motion deadlines were extended.

On February 9, 2017, Plaintiff moved to amend the scheduling order deadlines and to continue trial. In her motion, Plaintiff represented to the Court, as her counsel had previously represented to counsel for Defendant, that she was available to be deposed on February 27, 2017. The Court granted Plaintiff's motion, resetting the discovery and motion deadlines, as well as the trial and final pretrial conference dates, via text-only order on February 13, 2017. Based upon Plaintiff's representations regarding her availability for February 27, 2017, counsel for Defendant notified Plaintiff's counsel via e-mail on February 15, 2017 that Defendant would re-notice Plaintiff's deposition for that date. Plaintiff's counsel did not respond and Defendant re-

noticed Plaintiff's deposition the following day for February 27, 2017 at 9:00 a.m.

On February 17, 2017, Plaintiff's counsel emailed the Defendant's counsel and stated, "In light of the new discovery deadline, Ms. Sills is not available on this date [February 27, 2017]." [Docket No. 53, Exhibit G]. Defendant's counsel notified Plaintiff's counsel via email on February 21, 2017 that Defendant's counsel would not be able to reschedule Plaintiff's deposition, and that the Defendant's counsel intended to proceed on February 27, 2017 at 9:00 a.m. as previously agreed by Plaintiff's counsel. Defendant's counsel also forwarded a copy of this communication to Plaintiff's counsel via FedEx Priority Overnight service, which was received by Plaintiff's counsel on February 24, 2017.

Counsel for Defendant received no response to the e-mail or FedEx correspondence sent to Plaintiff's counsel. Plaintiff failed to appear for her deposition as noticed. When Defendant's counsel contacted Plaintiff's counsel on the morning of February 27 at 9:10 a.m. and again at 9:25 a.m.to inquire as to whether Plaintiff would appear, Plaintiff's counsel stated that he was out of town and that Plaintiff would not appear. [Docket No. 53, Exhibit K].

Plaintiff's defense in response to this motion for dismissal and sanctions is that she adequately provided notice to the Defendant that she had other obligations on February 27. However, Plaintiff's own brief subjects her to sanctions. Plaintiff cites Rule 37(d)[2] of the Federal Rules of Civil Procedure, which allows a court to order sanctions when a party fails to appear for a properly noticed deposition. Additionally, Plaintiff's counsel admitted that he could have and should have obtained a Protective Order regarding Plaintiff's deposition, but did not do so and relied solely on his email to Defendant's counsel stating that Plaintiff would not appear [Docket

---

[2] Fed. R. Civ. P. 37(d)(1)(A)(i): The court where the action is pending may, on motion, order sanctions if:
(i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition. . .

No. 139, p. 5].

This is not sufficient to relieve Plaintiff of her obligation to appear for her deposition.

Even if Plaintiff's counsel had filed a motion for a protective order, the Fifth Circuit states that

"the mere act of filing a motion for a protective order does not relieve a party of the duty to

appear; the party is obliged to appear until some order of the court excuses attendance. See *King*

*v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir.1983) (per curiam); *Hepperle*

*v. Johnston*, 590 F.2d 609, 613 (5th Cir.1979)." *Barnes v. Madison*, 79 F. App'x 691, 707 (5th

Cir. 2003).

Plaintiff's failure to appear for her deposition, after requesting the discovery deadlines be

extended specifically so she could be deposed on February 27, is sanctionable. Rule 37(b)(2)(C)

states the following regarding the payment of expenses by a disobedient party:

> Instead of or in addition to the orders above, the court must order the disobedient
> party, the attorney advising that party, or both to pay the reasonable expenses,
> including attorney's fees, caused by the failure, unless the failure was substantially
> justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff failed to appear for her deposition on February 27, 2017, after specifically

requesting the deposition be set that date and requesting the Court extend all discovery deadlines

in order to hold the deposition. Plaintiff was not relieved of her obligation to appear for the

deposition by court order, and the Court finds that sanctions are appropriate as a result of

Plaintiff's conduct.

### CONCLUSION

The Court hereby GRANTS Defendant's motion for sanctions, but DENIES the motion

for dismissal of Plaintiff's case with prejudice [Docket No. 53]. In accordance with the federal

rules, this court hereby orders Plaintiff to pay the Court Reporter fees for the February 27, 2017

deposition, for which Plaintiff failed to appear, as well as one (1) hour of attorney fees incurred

by the Defendant. This one hour of attorney's fees will compensate defense counsel for waiting a

reasonable time to determine if Plaintiff would show for the deposition. Defendant shall submit

the fees expended by the Court Reporter on February 27, 2017, as well as one (1) hour of the

attorney's fee incurred on that date.

 

**SO ORDERED** this ___19th___ day of ___September___, 2017.

           s/ HENRY T. WINGATE
           UNITED DISTRICT COURT JUDGE